UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PRENTICE MARSHALL,<br><br>Petitioner,<br><br>v.<br><br>CALVIN JOHNSON, et al.,<br><br>Respondents. | Case No. 2:21-cv-02046-APG-BNW<br><br>**ORDER** |

Petitioner Prentice Marshall has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 8.  I provisionally appointed the Federal Public Defender as counsel for the petitioner. ECF No. 11.  The Federal Public Defender has filed a notice of conflict. ECF No. 13.

I THEREFORE ORDER that the provisional appointment of the Federal Public Defender is withdrawn.

I FURTHER ORDER that Benjamin Patrick Ramos, Esq., is appointed as counsel for the petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B).  Counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.  Mr. Ramos' contact information is as follows:

Benjamin Patrick Ramos, Esq.
Law Office of Benjamin Ramos
705 E. Bidwell
Suite 2-359
Folsom, CA 95630
916-358-9842
benjamin_ramos@comcast.net

1  I FURTHER ORDER that the Clerk is directed to electronically provide Mr. Ramos a copy of this order and copies of all other items previously filed in this case by regenerating the Notices of Electronic Filing.

I FURTHER ORDER that Mr. Ramos, Esq. enter a notice of appearance within 20 days of the date of this order.

I FURTHER ORDER that the petitioner, through Mr. Ramos, Esq., shall have up to and including ninety (90) days from entry of this order within which to file an amended petition and/or seek other appropriate relief. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the federal limitation period and/or of a basis for tolling during the time period established. The petitioner remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted herein. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, I make no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

I FURTHER ORDER that the respondents shall file an answer to the amended petition, including potentially by motion to dismiss, within sixty (60) days of service of the amended petition and that the petitioner may file a reply thereto within thirty (30) days of service of the answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

I FURTHER ORDER that any procedural defenses raised by the respondents to the amended petition shall be raised together in a single consolidated motion to dismiss. In other

words, I do not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  The respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If the respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

I FURTHER ORDER that, in any answer filed on the merits, the respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

Dated: June 1, 2022

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE