UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PRENTICE MARSHALL, | Case No. 2:21-cv-02046-APG-BNW |
| Petitioner, | ORDER |
| v. | |
| CALVIN JOHNSON, et al., | |
| Respondents. | |

Petitioner Prentice Marshall, a Nevada prisoner, has filed a counseled Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 17. The respondents move to dismiss the petition. ECF No. 55. For the reasons discussed below, I grant the motion, in part.

I.     PROCEDURAL HISTORY AND BACKGROUND

Marshall challenges his 2015 state court conviction, pursuant to a guilty plea, of the following offenses:

-robbery with the use of a deadly weapon

-grand larceny

-two counts of conspiracy to commit robbery with the intent to promote or assist a criminal gang

-robbery with the use of a deadly weapon with the intent to promote or assist a criminal gang

-burglary while in possession of a firearm with the intent to promote or assist a criminal gang

-attempted robbery with the use of a deadly weapon with the intent to promote or assist a criminal gang, and

-murder with the use of a deadly weapon with the intent to promote or assist a criminal gang.

ECF No. 48-9. Marshall was sentenced to, among other things, life without the possibility of parole. *Id*. Marshall appealed, and the Nevada Court of Appeals affirmed. ECF No. 49-9. Remittitur issued on April 24, 2017. ECF No. 49-11.

Marshall filed a *pro se* state petition for post-conviction relief and a counseled supplemental petition. ECF Nos. 49-12, 49-27. The state district court denied Marshall's petition. ECF No. 50-6. Marshall appealed, and the Nevada Court of Appeals affirmed. ECF No. 51-8. Remittitur issued on October 12, 2021. ECF No. 51-10. This petition followed.

## II. LEGAL STANDARDS & ANALYSIS

The respondents argue that ground 3 of Marshall's petition is unexhausted. ECF No. 55.

### a. Exhaustion

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available.

*O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).  A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).  A state appellate court decision on the merits of a claim of course exhausts the claim. *See, e.g., Comstock v. Humphries*, 786 F.3d 701, 707 (9th Cir. 2015).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).  "A claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' or 'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'" *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014).

**b.     Ground 3**

In ground 3, Marshall alleges that his counsel was ineffective because (a) he failed to argue the principles recognized in *Missouri v. Seibert* in moving to suppress Marshall's statements, and (b) he failed to note that detectives believed Marshall was a minor at the time of the interview. ECF No. 17 at 39, 41.  Marshall stated that he "incorporates by reference the Statement of Facts contained [in ground 1] and all factual arguments made [previously in his petition]" within ground 3. *Id*. at 39.

The respondents argue that ground 3(a) is unexhausted because it incorporates all the facts and arguments made in ground 1. ECF No. 55 at 6.  Specifically, the respondents argue that by incorporating the entirety of ground 1, Marshall incorporates the following facts that were not previously presented in relation to his ineffective assistance of counsel claim:

- -friends and family were denied access to Marshall at the hospital,
- -Marshall's counsel was denied access to Marshall at the hospital,
- -Officer Wendy Radke was instructed to collect a gunshot residue kit from Marshall,
- -Officer Radke took photographs of Marshall and seized the vehicle used to drive Marshall to the hospital,
- -Marshall's clothing was collected as evidence,
- -Officer Chasity Smith remained either at Marshall's bedside or outside his door until the detectives arrived,
- -Marshall had previously received a half dose of morphine when detectives questioned him, and
- -hospital records indicated that a police hold was placed on Marshall.

*Id*. at 6–7.  The respondents also argue that ground 3(b) was never previously argued and is unexhausted. *Id*. at 7.

Prior to pleading guilty, Marshall moved to suppress his pre-arrest and post-arrest statements. ECF No. 25-6.  The state court denied Marshall's motion, and he appealed the denial within his direct appeal. *See* ECF No. 49-9.  Later, in his counseled supplemental state habeas petition, Marshall claimed that his "defense counsel was ineffective for failing to challenge the admissibility of [his] statement pursuant to the standard set forth in *Missouri v. Seibert*." ECF No. 49-27 at 17.  And in his opening brief on appeal from the denial of his state habeas petition,

Marshall again claimed that "defense counsel was ineffective for failing to challenge the admissibility of [his] statement pursuant to the standard set forth in *Missouri v. Seibert*." ECF No. 51-1 at 27.  The Nevada Court of Appeals articulated Marshall's claim as follows: "[w]hile acknowledging counsel moved to suppress [his] unMirandized (sic) confession, Marshall claimed that, had counsel argued for suppression pursuant to *Missouri v. Seibert*, 542 U.S. 600 (2004), both the unMirandized (sic) and subsequent Mirandized confessions would have been suppressed and he would have proceeded to trial instead of pleading guilty." ECF No. 51-8 at 3. The Nevada Court of Appeals then affirmed the denial of the claim: "[b]ecause Marshall's unMirandized (sic) confession would have been admissible at his trial, Marshall failed to demonstrate that *Seibert* applied to his case.  In turn, he failed to demonstrate counsel was deficient or a reasonable probability that he would not have pleaded guilty . . . had counsel sought suppression . . . pursuant to *Seibert*." *Id*. at 4.

      In *Missouri v. Seibert*, the Supreme Court of the United States held that a "midstream recitation of warnings after interrogation and unwarned confession could not effectively comply with *Miranda*'s constitutional requirement," so "a statement repeated after a warning in such circumstances is inadmissible." 542 U.S. 600, 604 (2004).  Because *Seibert* and ground 3(a) deal with the two-step interrogation strategy used by police to obtain a confession, Marshall's incorporation into ground 3 of the above-referenced facts from ground 1, which deal with Marshall's pre-interrogation circumstances, do not fundamentally alter the legal claim already considered by the state courts.  As such, based on the record, Marshall fairly presented ground 3(a) in his counseled supplemental state habeas petition and his opening brief on appeal from the denial of his state habeas petition to the Nevada Court of Appeals.  Ground 3(a) is exhausted.

Turning to ground 3(b), it does not appear that Marshall included in his counseled supplemental state habeas petition any argument that counsel failed to note that detectives believed he was a minor. *See* ECF No. 49-27. Marshall also did not appear to include this argument in his opening brief on appeal from the denial of his state habeas petition to the Nevada Court of Appeals. *See* ECF No. 51-1. Accordingly, ground 3(b) is unexhausted.

### III. OPTIONS REGARDING UNEXHAUSTED CLAIM

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, I have concluded that ground 3(b) is unexhausted. Marshall has these options:

1. he may submit a sworn declaration voluntarily abandoning ground 3(b) of his federal habeas petition, and proceed only on the exhausted claims;

2. he may return to state court to exhaust ground 3(b), in which case his federal habeas petition will be denied without prejudice;[1] or

3. he may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust ground 3(b).

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005).

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines

---

[1] This court makes no assurances as to the timeliness of any future-filed petition.

6

> there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277.

If Marshall wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust ground 3(b) in state court and present argument regarding the question of whether or not ground 3(b) is plainly meritless. The respondents would then be granted an opportunity to respond, and Marshall to reply. Or Marshall may file a declaration voluntarily abandoning his unexhausted claims, as described above. Marshall's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Marshall is advised to familiarize himself with the limitation periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes.

## IV.     CONCLUSION

I THEREFORE ORDER that the respondents' motion to dismiss **(ECF No. 55) is granted, in part**, as follows: ground 3(b) is unexhausted.

I FURTHER ORDER that Marshall has until **March 15, 2023** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon ground 3(b) and proceed on the exhausted grounds; or (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust ground 3(b);

or (3) file a motion for a stay and abeyance, asking this court to hold his exhausted grounds in abeyance while he returns to state court to exhaust ground 3(b).  If Marshall chooses to file a motion for a stay and abeyance, or seek other appropriate relief, the respondents may respond as provided in Local Rule 7-2.

I FURTHER ORDER that if Marshall elects to abandon ground 3(b), the respondents have 30 days from the date Marshall serves his declaration of abandonment in which to file an answer to the remaining grounds in the Amended Petition for Writ of Habeas Corpus [ECF No. 17].  The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

I FURTHER ORDER that Marshall has 30 days following service of the respondents' answer in which to file a reply.

I FURTHER ORDER that if Marshall fails to respond to this order within the time permitted, this case may be dismissed.

Dated: February 8, 2023.

                                                                ANDREW P. GORDON
                                                                UNITED STATES DISTRICT JUDGE